**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 17-50472

THIRUNAVUKKARASU VARATHA-RAJAN,

    Defendant.
_____/

### ORDER DENYING MOTION FOR RETURN OF SEIZED PROPERTY

Petitioner Thirunavukkarasu Varatha-Rajan was charged with one count of wire fraud in violation of 18 U.S.C. § 1343 by information before United States Magistrate Judge Steven R. Whalen on June 19, 2014. Petitioner was released on bond, but was required to surrender his Sri Lankan passport to pretrial services, which he did. The court sentenced Petitioner to 24 months imprisonment on December 1, 2014. Now before the court is a *pro se* motion by Petitioner under Federal Rule of Criminal Procedure 41(g) asking the court to order the return of his passport. (Dkt. # 1.)

According to its response brief, "[t]he government does not oppose Petitioner's request . . . but is unable to comply with his request because the location of Petitioner's Sri Lankan passport is unknown." (Dkt. # 3, Pg. ID 10.) According to a memorandum submitted by Supervising Pretrial Services Officer Maureen A. Shock submitted at the court's request, a copy of which is attached to this order, pretrial services' records indicate that the pretrial services officer on duty at the time mailed Petitioner's passport to Immigrations and Custom Enforcement on February 3, 2014. According to the

government's response brief, ICE "has no record of the passport and is not able to locate it." (*Id.*) Plaintiff's passport is lost.

Ordinarily, that would be the end of the matter—the court cannot order return of property that is not in the government's possession. Recognizing this in his reply brief, Petitioner asks the court to "allow him to convert his motion into a civil action for money damages against the individuals who allegedly took his property," citing *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). (Dkt. # 4, Pg. ID 15.) As the court understands Petitioner's brief, he intends to claim Fourth and Fifth Amendment violations by the individual pretrial services officer and the government. (*See id.* at Pg. ID 15-18.)

The Sixth Circuit has expressly barred the award of compensatory sanctions under Rule 41(g), *U.S. v. Droganes*, 728 F.3d 580, 589 (6th. Cir. 2013). In *Droganes*, the Sixth Circuit expressly noted that "at least nine circuits have held that sovereign immunity bars an award of money damages against the government on a Rule 41(g) motion" where property seized by federal agents has been lost or destroyed. *Id.* (quoting *Ordonez v. United States*, 680 F.3d 1135, 1138 & n.2 (collecting cases)) (internal quotation marks omitted)*.* However, so far as the court's research shows, the Sixth Circuit has not addressed allowing Rule 42(g) petitions to be amended or construed to assert civil claims.

In *U.S. v. Hall*, the Eighth Circuit held that "when a district court conducting a [Rule 41(g)] proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding pro se, such as Hall) an opportunity to assert an alternative claim for money damages." *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001) Other circuits

2

have held that, when the property at issue has been lost or destroyed, Rule 41(g) motions may be amended into civil complaints to assert claims under *Bivens*; the Federal Tort Claims Act, 28 U.S.C. § 1346; or the Tucker Act, 28 U.S.C. § 1346(a)(2). *See, e.g.*, *Pena v. U.S.*, 157 F.3d 984, 987 (5th Cir. 1998 (affirming denial of Rule 41(g) [then 41(e)] motion but doing so without prejudice to allow the pro se petitioner to amend his pleadings and assert a *Bivens* claim); *U.S. v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010) (allowing conversion of motion for restitution into civil claim after Rule 41(g) motion was denied because property was lost). This is particularly true for *pro se* petitions, because "affirming the denial [of a Rule 41(g) motion] without leave to amend would have the same effect as a rule 12(b)(6) motion would have the same effect as a 12(b)(6) dismissal of a *pro se* complaint," which are generally disfavored. *Pena*, 157 F.3d at 897; *accord United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004) ("[A] Rule 41(g) motion should be liberally construed to allow the assertion of alternative claims.") (quoting *Pena*).

Accordingly, the court will deny Petitioner's Rule 41(g) motion, but will do so with leave to file a civil complaint in this court. Any such filing must be made **within 3 weeks of the date this order is entered.** As Petitioner is currently in ICE custody undergoing removal proceedings, any pro se complaint will be subject to the review imposed by 28 U.S.C. § 1915a.

IT IS ORDERED that Petitioner's motion for return of property (Dkt. # 1) is DENIED with leave to file a civil complaint as described above.

s/Robert H. Cleland    /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2017, by electronic and/or ordinary mail.

                                                               s/Lisa Wagner                    /
                                                                Case Manager and Deputy Clerk
                                                                (810) 292-6522